**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
12/02/2025
CT Log Number 550775952

## Service of Process Transmittal Summary

**TO:**    Simon Ungureanu, Vice President - Legal
Goldman, Sachs & CO.
200 WEST ST FL 34
NEW YORK, NY 10282-2198

**RE:**    **Process Served in North Dakota**

**FOR:**    Goldman Sachs & Co. LLC  (Domestic State: NY)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Madison Lynn Hanson vs. Goldman Sachs & Co., LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cass County District Court, East Central Judicial District, ND<br>Case # None Specified |
| **NATURE OF ACTION:** | Violations of the FCRA |
| **PROCESS SERVED ON:** | C T Corporation System, Bismarck, ND |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/02/2025 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | North Dakota |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days |
| **ATTORNEY(S)/SENDER(S):** | Catrina Smith<br>MINNDAK LAW, PLLC<br>625 Main Ave, Suite 152<br>Moorhead, MN 56560<br>701-840-6993 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2025, Expected Purge Date: 12/08/2025 |
| | Image SOP |
| | Email Notification,  Simon Ungureanu  simon.ungureanu@gs.com |
| | Email Notification,  CECILIA M PEREZ  cecilia.perez@gs.com |
| | Email Notification,  Nia Hope  nia.hope@gs.com |
| | Email Notification,  Jacob Buchanan  jacob.buchanan@gs.com |
| | Email Notification,  Lauren Garcia  lauren.x.garcia@gs.com |
| | Email Notification,  Arnold Rivas  arnold.rivas@gs.com |
| | Email Notification,  Kristen Graves  kristen.graves@gs.com |
| | Email Notification,  Maggie Mancilla  maggie.mancilla@gs.com |
| | Email Notification,  Brandon Briggs  brandon.j.briggs@gs.com |

**Exhibit A, Page 1**

![Wolters Kluwer logo]

**CT Corporation**
**Service of Process Notification**
12/02/2025
CT Log Number 550775952

Email Notification,  Ellie Richter  ellie.richter@gs.com

Email Notification,  Justus Johnson  justus.johnson@gs.com

Email Notification,  Jasmine Pope  jasmine.pope@gs.com

Email Notification,  Kasey Welch  kasey.welch@gs.com

Email Notification,  Dariana Girao  dariana.girao@gs.com

Email Notification,  Claire Mittica  claire.m.mittica@gs.com

Email Notification,  Alicia Casica  alicia.casica@gs.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
120 W Sweet Ave.
Bismarck, ND 58504
877-564-7529
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Exhibit A, Page 2**



**Exhibit A, Page 3**

AC 12909679.1.2-12

**STATE OF NORTH DAKOTA**          **DISTRICT COURT**
County of Cass                    East Central Judicial District

Madison Lynn Hanson,              )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )
Goldman Sachs & Co., LLC.,        )          **SUMMONS**
                                  )
                                  )
            Defendant.            )
                                  )
                                  )
                                  )

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

> 625 Main Ave, Suite 152
> Moorhead, MN 56560

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

00352-Hanson

**Exhibit A, Page 4**

AC129009679.1.3-12

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

Dated: November 20, 2025                    **MINNDAK LAW, PLLC**

                                            /s/Catrina Smith
                                            Catrina Smith (#09895)
                                            625 Main Ave, Suite 152
                                            Moorhead, MN 56560
                                            701.840.6993
                                            Csmith@minndaklaw.com
                                            ATTORNEY FOR PLAINTIFF

2

00352-Hanson

**Exhibit A, Page 5**

AC12909679.1.4-12

STATE OF NORTH DAKOTA
County of Cass

DISTRICT COURT
East Central Judicial District

Madison Lynn Hanson,

        Plaintiff,

      v.

Goldman Sachs & Co., LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

Plaintiff Madison Lynn Hanson, through counsel, alleges violations of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendant Goldman Sachs & Co., LLC.

### INTRODUCTION

1.     Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et. seq.*, against for failing to conduct a reasonable reinvestigation

after receiving notice of Plaintiff's dispute from at least one credit reporting agency.

### PARTIES

2.     Plaintiff incorporates herein by reference all of the above paragraphs of this

Complaint as though fully set forth at length herein.

3.     Plaintiff is a natural person who resides in the city of Fargo, Cass County, North

Dakota.

4.     Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.     Defendant Goldman Sachs & Co., LLC ("Goldman Sachs" is a foreign corporation

engaged in the business of lending credit. Goldman Sachs is also a "furnisher," as contemplated

3

00352-Hanson

**Exhibit A, Page 6**

AC 12909679.1.5-12

by 15 U.S.C. § 1681s-2. Defendant is headquartered at 200 West Street, New York, NY 10282. Defendant can be served through its North Dakota registered agent, CT Corporation System, at 120 W Sweet Avenue, Bismarck, ND 58504.

6.      During all times pertinent to this Complaint, Defendant authorized to conduct business in the State of North Dakota and conducted business in the State of North Dakota on a routine and systematic basis.

7.      During all times pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

8.      Any violations by Defendant were not in good faith, were knowing, negligent, willful, and/or intentional.

9.      Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## FACTUAL BACKGROUND

10.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11.      In or around March 2023, Plaintiff obtained credit from Defendant ("The Apple card").

12.      Plaintiff subsequently incurred a debt on the account in the amount of approximately $3,921.

13.      At some point thereafter, Plaintiff failed to make one or more payments on the Apple card.

4

00352-Hanson

AC12909679.1.6-12

14.    In or around March 2024, Plaintiff enrolled in a payment plan enrollment where she agreed to make timely payments for 12 months and all previous delinquent payments would be deleted from her credit report, and the account would be brought up to date.

15.    In or around May 2025, Plaintiff viewed her Experian, Trans Union, and Equifax credit reports.

16.    Plaintiff discovered that Equifax, Experian and Trans Union (the "CRAs") were inaccurately reporting the debt with late payments after October 2024.

17.    Additionally, the CRAs were reporting that the account was a "Charge-Off" account with a reported recent balance of $3,642.

18.    Plaintiff, frustrated, made a post on Reddit in July 2025, stating that despite being placed on a payment plan with promises to delete previously delinquent payments, was not only reporting inaccurate late payments but the card itself was also charged off.

19.    A representative of the Apple card reached out to Plaintiff with promises to delete the tradeline from her credit report and waive the balance. Plaintiff waited over 60 days but the inaccurate reporting remained on her credit report.

20.    The inaccurate reporting would mislead a prospective lender to believe that Plaintiff's debt had been charged off and that she had made late payments.

21.    Most credit applications are reviewed and/or processed using an automated review.

22.    The automated computer systems use algorithms and other data to determine the consumer's credit worthiness and decide whether to approve or deny a credit application.

23.    These automated computer systems review a number of different factors when determining whether to approve or deny a credit application, including but not limited to credit score and debt-to-income ratio.

5

00352-Hanson

**Exhibit A, Page 8**

AC 12909679.1.7-12

24.   Plaintiff's credit score was negatively impacted by the inaccurate charge off and late payments

25.   The vast majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from credit reporting agencies to make lending decisions.

26.   Those institutions also use FICO scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's report, which is based on the amount of reported debt, payment history, date of delinquencies contained in a consumer's credit report.

27.   The information furnished by Defendant as reflected in her consumer credit reports contributes to her overall creditworthiness and determines her FICO score.

28.   FICO scores are calculated using the information contained in the credit reporting agencies consumer reports.

29.   Defendant's inaccurate reporting would mislead a prospective lender to believe that Plaintiff made late payments and failed to make payments which led to the account being charged off.

30.   On or about September 4, 2025, Plaintiff sent dispute letters to the CRAs disputing the Apple card.

31.   The dispute letters included Plaintiff's name, address, date of birth, full social security number, and the relevant account numbers as they appeared in the CRAs' credit files.

32.   In the dispute letters, Plaintiff stated that the late payments are inaccurate.

33.   Plaintiff received responses from the CRAs stating that the account was reporting accurately.

00352-Hanson

AC 12909679.1.8-12

34.    Upon information and belief, Equifax, Experian and Trans Union received Plaintiff's dispute letters and forwarded the disputes to Defendant within five business days of receipt.

35.    Upon information and belief, Defendant failed to conduct a reasonable investigation after receiving notice of Plaintiff's disputes from the CRAs.

36.    Consequently, Defendant continued to furnish inaccurate information to Equifax, Experian and Trans Union.

37.    Defendant communicated the inaccurate information to the CRAs despite receiving Plaintiff's dispute, knowing the information was inaccurate and/or misleading and promising to remove the tradeline from the credit report and waiving the account balance.

38.    Upon information and belief, as of the date of the initial filing of the Complaint, Plaintiff's alleged debt to Defendant is still being erroneously with late payments and the charge off status.

39.    As a result of all Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, frustration, anguish, and emotional and mental pain.

40.    Upon information and belief, had Defendant not reported the inaccurate late payments and charge off status, thereby misrepresenting the payment history and account status, Plaintiff's credit score and credit worthiness would have been better.

## I.    COUNT I
### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

41.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42.    The FCRA requires furnishers of information like Defendant to conduct an investigation with respect to disputed information, review all relevant information, and report the

7

00352-Hanson

**Exhibit A, Page 10**

AC12909679.1.9-12

results of the investigation to the consumer reporting agency. If the investigation reveals the information is incomplete or inaccurate, it must report those results to all consumer reporting agencies to which the furnisher has provided the inaccurate information.

43.    Defendant knew or should have known about their obligations under the FCRA. These obligations are well established in the plain language of the FCRA, promulgated by the Federal Trade Commission, and evidenced by case law. Defendant obtained or had available substantial written materials that apprised them of its duties under the FCRA. Despite knowing these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

44.    Plaintiff disputed Goldman Sachs tradeline through the CRAs.

45.    Thereafter, the CRAs forwarded Plaintiff's dispute to Defendant, notifying them that Plaintiff was disputing the information it had furnished about the Goldman Sachs Apple card Account.

46.    Defendant received notice of Plaintiff's dispute and failed to reasonably investigate or otherwise take corrective measures despite possessing all relevant knowledge regarding the dispute.

47.    Defendant continues to furnish inaccurate information about Plaintiff to the CRAs, even though Defendant possessed all relevant information about the Accounts and the inaccuracy that Plaintiff disputed and even contacted Plaintiff personally with assurances that the tradeline would be deleted and the balance would be waived.

48.    The inaccurate Apple card materially and adversely affects Plaintiff's credit standing.

00352-Hanson

**Exhibit A, Page 11**

AC 12909679.1.10-12

49.    On at least one occasion within the past two years, by example only and without limitations, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's dispute to Experian, and/or Trans Union.

50.    Defendant violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), and engaging in conduct that violates 15 U.S.C. § 1681s-2(a), (b), including:

(a)    Willfully and negligently failing to conduct an investigation of Plaintiff's dispute, despite possessing knowledge, information, and records to substantiate Plaintiff's dispute;

(b)    Willfully and negligently failing to review all relevant information concerning Plaintiff's dispute;

(c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)    Willfully and negligently failing to report to the CRAs that the disputed information is indeed inaccurate;

(e)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)    Willfully and negligently continuing to furnish and disseminate inaccurate credit, account and other information concerning the Plaintiff to the consumer reporting agencies despite actual knowledge of the falsity of the reported information; and

(g)    Willfully and negligently failing to comply with the requirements for furnishers of information enumerated in 15 U.S.C. § 1681s-2(b).

9

00352-Hanson

**Exhibit A, Page 12**

51.    Defendant unreasonably refused to take corrective measures required by the FCRA to correct and/or update Plaintiff's consumer information furnished to the national consumer reporting agencies.

52.    Defendant is a direct and proximate cause, as well as substantial factor in causing damage and harm to Plaintiff.

53.    Consequently, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, as described herein and as allowable by law. Additionally, Plaintiff is entitled to Plaintiff's attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## II.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a)    Declaratory judgment that the Defendants violated the FCRA;

(b)    An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(c)    An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(d)    An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2);

(e)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(f)    Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

10

00352-Hanson

**Exhibit A, Page 13**

AC12909679.1.12-12

## Jury Demand

1.      Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for

Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.      All actual compensatory damages suffered;

b.      statutory damages in an amount up to $1,000.00 per violation per plaintiff,

pursuant to 15 U.S.C. §1681n;

c.      Injunctive relief prohibiting such conduct in the future;

d.      Reasonable attorney's fees, litigation expenses, and cost of suit; and

e.      Any other relief deemed appropriate by this Honorable Court.

Dated: November 20, 2025                    **MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

11

00352-Hanson

**Exhibit A, Page 14**